UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MYLES,

        Petitioner,

                              CASE NO. 2:06-CV-14101
v.                            HONORABLE GERALD E. ROSEN

BLAINE LAFLER,

        Respondent.
_____/

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS, GRANTING
PETITIONER'S MOTION TO HOLD CASE IN ABEYANCE, STAYING CASE WITH
CONDITIONS, AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

**I.    Introduction**

Petitioner Gregory Myles, a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2003 convictions for armed robbery, assault with intent to do great bodily harm less than murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony, which were imposed following a jury trial in the Wayne County Circuit Court. Petitioner was sentenced to 15 to 30 years imprisonment on the robbery conviction, a concurrent term of five to 10 years imprisonment on the assault conviction, a concurrent term of two to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

In his habeas pleadings, Petitioner raises claims concerning the failure to produce an eyewitness, exhibit due diligence, and give an adverse inference instruction, the ineffective assistance of counsel, and the prosecution's failure to disclose evidence. This matter is before

the Court on Respondent's motion to dismiss the petition for failure to fully exhaust state remedies and Petitioner's responsive motion seeking to hold this case in abeyance so that he may return to the state courts and exhaust his remedies. For the reasons set forth below, the Court concludes that Petitioner's ineffective assistance of counsel and prosecutorial misconduct claims have not been properly exhausted in the state courts. In lieu of dismissing the petition, the Court grants Petitioner's request to hold the case in abeyance, stays the proceedings with conditions, and closes the case for administrative purposes.

## II.     Procedural History

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising a claim concerning the prosecution's failure to produce an eyewitness and exercise due diligence, and the trial court's failure to give an adverse inference instruction. The Michigan Court of Appeals affirmed his convictions. *People v. Myles*, No. 250686, 2005 WL 233549 (Mich. Ct. App. Feb. 1, 2005) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claim, as well as claims concerning the ineffective assistance of trial counsel and the prosecution's failure to disclose evidence. The Michigan Supreme Court denied leave to appeal. *People v. Myles*, 474 Mich. 856, 702 N.W.2d 583 (2005).

Petitioner signed the instant habeas petition on August 30, 2006. This matter is before the Court on Respondent's motion to dismiss the petition for failure to properly exhaust state court remedies as to the ineffective assistance and prosecutorial misconduct claims and Petitioner's motion seeking to hold the case in abeyance so that he may exhaust his remedies.

## III.    Discussion

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first

exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before she can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate courts. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. Petitioner has not met his burden of showing exhaustion of state court remedies. The record reveals that Petitioner did not present his ineffective assistance of counsel and prosecutorial misconduct claims to the Michigan Court of Appeals on direct appeal of his convictions. His subsequent inclusion of those claims in his application for leave to appeal to the Michigan Supreme Court does not satisfy the exhaustion requirement. *See Castille v. Peoples,* 489 U.S. 346, 349 (1989) (submission of claims to state's highest court on discretionary review does not constitute "fair presentation" when such review is granted only upon "special and important reasons").

Petitioner acknowledges that he has not fully exhausted his state remedies and requests that this Court hold his habeas petition in abeyance so that he may return to the state courts.

Having considered the matter, the Court finds that it is appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

Petitioner has shown the need for a stay. His ineffectiveness of trial counsel and prosecutorial misconduct claims have not been exhausted in the state courts and the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied Petitioner's application for leave to appeal on August 30, 2005. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on or about November 28, 2005 -- 90 days after the Michigan Supreme Court denied leave to appeal. Petitioner signed the instant petition on August 30, 2006. Thus, he has approximately three months remaining on the one-year limitations period, assuming that the Court equitably tolls the time in which his current petition has been pending. *Cf. Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the

meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period). Additionally, the ineffective assistance of counsel and prosecutorial misconduct claims which Petitioner seeks to exhaust in the state courts do not appear to be "plainly meritless." Further, Petitioner may assert that he did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel. Lastly, there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

## IV. Conclusion

Accordingly, for the reasons stated, the Court **DENIES** Respondent's motion to dismiss, **GRANTS** Petitioner's motion to hold the petition in abeyance, and **STAYS** this action so that Petitioner can fully exhaust state court remedies as to additional federal claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 90 days of the filing date of this order – if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within 30 days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

Lastly, this case is **CLOSED for Administrative Purposes** pending compliance with these conditions.

**IT IS SO ORDERED**.

s/Gerald E. Rosen
United States District Judge

Dated: May 10, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 10, 2007, by electronic and/or ordinary mail.

                                     s/LaShawn R. Saulsberry
                                     Case Manager